WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theresa Garner,<br><br>    Plaintiff,<br><br>v.<br><br>United States Department of Defense, et al.,<br><br>    Defendants. | No. CV-17-00459-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 15). Also pending before the Court is Plaintiff's Motion for Judgment on the Pleadings, Motion for Sanctions Against Defendants, Motion for Entry of Default as to Defendants, Motion to Strike Defendants' Motion to Dismiss, and Motion to Amend Complaint. (Docs. 16, 23). For the following reasons, the Court grants Defendants' Motion to Dismiss and denies Plaintiff's Motion for Sanctions, Motion for Default, and Motion to Strike. Plaintiff's Motion for Judgment on the Pleadings and Motion to Amend Complaint are dismissed as moot.

**Background**

Plaintiff Theresa Garner brings this suit, pro se, against the United States of America, U.S. Department of Defense (DOD), U.S. Department of Commerce (DOC), U.S. Social Security Administration (SSA), U.S. Department of Justice (DOJ), Acting U.S. Attorney Elizabeth Strange, Secretary James Mattis, Secretary Alexander Acosta, Secretary Wilbur Ross, Attorney General Jefferson Sessions, and Acting Commissioner

Nancy Berryhill (collectively, "Defendants").

In July 2016, Ms. Garner was employed by the DOC as a field representative with the Census Bureau. While working, Ms. Garner slipped and fell on a driveway in Tonopah, Arizona. Ms. Garner filed a claim with the Office of Worker's Compensation Programs (OWCP), the agency responsive for processing federal employees' worker's compensation claims. The OWCP accepted Ms. Garner's claims for injuries to her wrist, hip, ankle, lumbar, knee, and teeth. As such, the OWCP paid compensation benefits for the period Ms. Garner was unable to work, August 16, 2016 to September 6, 2016.[1] Ms. Garner later filed a request to upgrade her hip injury from a sprain to a fracture. The OWCP ultimately denied this request due to insufficient medical evidence.

The OWCP stopped paying wage loss compensation benefits to Ms. Garner in September 2016 because Ms. Garner began working again, this time with DOD's Defense Commissary Agency. On November 4, 2016, Ms. Garner injured herself while moving boxes at work. Ms. Garner filed two claims stemming from this injury. First, on November 4, 2016, Ms. Garner filed a claim with OWCP stating that her leg and hip were in pain due to her work accident. OWCP denied Ms. Garner's claim on December 30, 2016 due to insufficient evidence that the work incident had caused her injuries. Ms. Garner appealed this decision on January 11, 2017. At the time of briefing, Ms. Garner's appeal was still pending. Second, Ms. Garner filed a claim for recurrence of her July injury on December 12, 2016. OWCP denied this claim because the November injury was a *separate* incident and not a recurrence of her *original* injury. At the time of briefing, Ms. Garner had not brought an appeal of this decision.

Ms. Garner alleges that the OWCP has suppressed medical evidence she has filed, falsely claimed nonreceipt of documents, and delayed processing her claims. She further alleges that OWCP failed to pay compensation benefits for the period of August 1, 2016 to September 14, 2016. Additionally, she notes that certain medical bills stemming from

---

[1] The Census Bureau had paid benefits to Ms. Garner between July 28, 2016 and August 15, 2016.

1 | her first claim were unpaid as of the time of briefing. Ms. Garner disputes the determinations of the OWCP in denying her recurrence claim and her second injury claim.

Although the bulk of Ms. Garner's allegations center on her worker's compensation benefits and the actions of OWCP, she makes various claims against other government actors. She states that the SSA also engaged in suppression of medical evidence and falsely claimed nonreceipt of documentation. She alleges that the DOD unlawfully delayed requests for sick leave. Further, Ms. Garner alleges that the DOD, DOC, DOL, and DOJ have engaged in various conspiracies against her that have resulted in harassment in person and online.

Defendants filed a motion to dismiss for lack of subject matter jurisdiction. Plaintiff objects to the timing of Defendants' motion, and therefore seeks judgment on the pleadings and to strike Defendants' motion.

**Discussion**

**I.  Legal Standard**

The Court may only reach the merits of a dispute if it has jurisdiction to do so. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998). Jurisdiction is limited to subject matter authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Under the Federal Rules of Civil Procedure, a defendant may challenge at any time a federal court's jurisdiction to hear the case. Fed. R. Civ. P. 12(b)(1), 12(h)(3). A facial challenge asserts that the complaint, on its face, fails to allege facts that would invoke federal jurisdiction. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2003). In the present case, Defendants present a facial challenge to the Complaint, arguing that even if the allegations in the Complaint are true, Plaintiff is either statutorily barred or has failed to exhaust administrative remedies before bringing suit.

In resolving a motion under Rule 12(b)(1), the Court is not limited to the allegations in the pleadings if the "jurisdictional issue is separable from the merits of the

case." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). The Court "may view evidence outside the record, and no presumptive truthfulness is due to the complaint's allegations that bear on the subject matter [jurisdiction] of the court." *Greene v. United States*, 207 F.Supp.2d 1113, 1119 (E.D. Cal. 2002) (citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). Lack of subject matter jurisdiction is an affirmative defense, but the "party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (internal citation omitted).

## II. Analysis

The Court must construe the complaint liberally since Plaintiff is proceeding pro se. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'") (citations omitted); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citations omitted); *Ashelman v. Pope*, 793 F.2d 1072. 1078 (9th Cir. 1986) ("[W]e hold [plaintiff's] pro se pleadings to a less stringent standard than formal pleadings prepared by lawyers."). Even construing Plaintiff's claims liberally, however, Defendants' Motion to Dismiss is proper and that the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims.

### A. Defendants' Motion to Dismiss is Properly Brought

As a threshold matter, Plaintiff filed a variety of motions objecting to Defendants' Motion to Dismiss. (Doc. 16). First, Plaintiff asserts that Defendants failed to follow this Court's order requiring that the parties must meet and confer prior to filing a motion to dismiss. (Doc. 4). On April 6, 2017, Defendants sent a letter to Plaintiff notifying her of their intent to file a motion to dismiss. (Doc. 15-2, pgs. 5–7). Defendants informed Plaintiff of the basis of their expected motion. The letter was mailed to two email addresses associated with Plaintiff and sent by mail to Plaintiff's address. Plaintiff never responded to the letter. (Doc. 15-2, pgs. 2–3). Defendants attached this notice of conferral

to their Motion to Dismiss. (Doc. 15-2). Defendants complied with this Court's order.

Second, Plaintiff argues that Defendants' Motion to Dismiss was untimely because it was filed before Plaintiff perfected service. Plaintiff filed her Complaint with this Court on February 13, 2017. (Doc. 1). Plaintiff's filings with the Court indicate that service was made on all Defendants by February 17, 2017. (Docs. 6–11). Plaintiff filed an amended complaint, as a matter of course, on March 24, 2017. (Doc. 14). Plaintiff's Amended Complaint appears to add Acting U.S. Attorney Elizabeth Strange as a defendant,[2] and makes a handful of factual and grammatical edits. Defendants filed the Motion to Dismiss on April 18, 2017. Nothing in the Federal Rules requires that service be perfected before defendants file affirmative defenses. Rule 12(b) states that a "motion asserting any of these defenses [including lack of subject matter jurisdiction] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Defendants had 60 days from the filing of the original Complaint to file an answer. Fed. R. Civ. P. 12(a). After Plaintiff amended her Complaint, Defendants' answer needed to "be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Because the time remaining to respond was later, Plaintiff's Amended Complaint did not change the timing of Defendants' response. Defendants properly filed the Motion to Dismiss.

Plaintiff's Motion for Sanctions, Motion for Entry of Default, and Motion to Strike are therefore denied.

**B. The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims**

Because Plaintiff is proceeding pro se, this Court will address the claims that Plaintiff has brought and ones that Plaintiff may have intended to bring.

---

[2] Ms. Strange had already been served on February 17, 2017. (Doc. 8). Therefore, even if Plaintiff was correct that service must be perfected on all Defendants before a Motion to Dismiss is filed, Defendant Strange had been served. . Plaintiff later filed a notice of service of the DOL on April 26, 2017 (Doc. 17), but the DOL had already been served on February 15, 2017 (Doc. 9). Plaintiff also served the OWCP on April 26, 2017 (Doc. 22), but did not file her Second Motion to Amend Complaint (adding the OWCP as a party) until May 4, 2017 (Doc. 23). Thus, at the time of Defendants' Motion to Dismiss, all parties to the First Amended Complaint had been served.

**1. Federal Employee's Compensation Act**

Under the Federal Employee's Compensation Act (FECA), the "United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in performance of his duty." 5 U.S.C. § 8102(a). FECA grants the Secretary of Labor the power to administer the Act, to delegate any powers to other employees of the DOL, and to prescribe necessary rules and regulations. *Id.* at §§ 8145, 8149. The Secretary of Labor has delegated the responsibility for administering FECA to the OWCP. 20 C.F.R. § 10.1. When a claim is submitted, OWCP determines whether the claimant is entitled to benefits. 20 C.F.R. § 10.125. If a claimant disagrees with the OWCP's decision, there are three ways to have the decision reviewed: "reconsideration by the district office; a hearing before an OWCP hearing representative; and [an] appeal to the Employees' Compensation Appeals Board (ECAB)." 20 C.F.R. § 10.600. Review in the courts, however, is not available. 5 U.S.C. § 8128(b)(2) ("The action of the Secretary or his designee in allowing or denying a payment under this subchapter is not subject to review by another official of the United States or by a court by mandamus or otherwise."). FECA is considered "a model preclusion-of-review statute." *Staacke v. U.S. Secretary of Labor*, 841 F.2d 278, 281 (9th Cir. 1988) (citing *Lindahl v. Office of Personnel management*, 470 U.S. 768, 779–80 & n. 13 (1985)); *Rodrigues v. Donovan*, 769 F.2d 1344, (9th Cir. 1985) ("Congress's intent was that the courts not be burdened by a flood of small claims challenging the merits of compensation decisions."). Thus, any of Plaintiff's claims that involve a request for this Court to review or change OWCP's determinations are barred by statute.

Despite the statutory bar, this Court maintains jurisdiction in two limited circumstances: when there is a constitutional claim and when defendant is alleged to have violated a clear statutory mandate. *Staacke*, 841 F.2d at 281. There is no claim that Defendants violated a statutory mandate. Similarly, Plaintiff does not specifically allege constitutional violations. However, since this Court must liberally construe a pro se plaintiff's complaint, the Court must determine whether Plaintiff is in fact raising

constitutional claims. Some of the allegations that Plaintiff recites in the Complaint address the process by which her claims were reviewed. For example, Plaintiff alleges that Defendants suppressed medical records and delayed review of her claims. If read liberally, these could be considered as claims that Defendants violated Plaintiff's due process rights. In cases where claimants have alleged their benefits were terminated without notice or hearings, courts determined there is subject matter jurisdiction to review the claims. *See, e.g., Raditch v. United States*, 929 F.2d 478 (9th Cir. 1991); *Rodrigues v. Donovan*, 769 F.2d 1344 (9th Cir. 1985).

But the Court cannot "transform a garden-variety administrative action into a case of constitutional magnitude." *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006). The need to construe a pro se complaint liberally does not stretch so far as to relieve Plaintiff of complying with the plausibility pleading requirements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal citations and quotation marks omitted). Plaintiff's claims that Defendants suppressed medical evidence are not plausible; in fact, Defendants' exhibits contain lengthy medical records submitted by Plaintiff. (Doc. 15-3, pgs. 16–184). Similarly, it is not plausible that there have been extreme or unusual delays in processing Plaintiff's claims. Here as well, Defendants' exhibits demonstrate that OWCP has been responsive to Plaintiff's filings, asking for additional information from Plaintiff when necessary and making most decisions in less than two months. *Id*. Thus, Plaintiff's "challenges to the administration of FECA claims involve questions of claims processing and customer service, not questions of due process." *Markham*, 434 F.3d at 1188. Because any potential due process claim is "wholly insubstantial," the Court lacks subject matter jurisdiction. *Id.*

### 2. The Administrative Procedure Act

Plaintiff makes numerous references to the Administrative Procedure Act (APA) throughout her Complaint. The APA, however, "was not intended as an independent

jurisdictional foundation." *Califano v. Sanders*, 430 U.S. 99, 106 & n. 6 (1977); *Staacke*, 841 F.2d at 282. Therefore, the "APA does not afford an implied grant of subject-matter jurisdiction permitting federal review of agency action." *Califano*, 430 U.S. at 107. Because FECA statutorily bars Plaintiff's claims, the APA cannot be used as a jurisdictional hook.

### 3. Social Security Claims

Plaintiff's Complaint references social security claims she has filed and makes similar allegations about suppression of medical evidence. An individual may, "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . obtain a review of such decision by a civil action." 42 U.S.C. § 405(g). A "final decision" does not exist until a claimant has had an initial determination, reconsideration, a hearing before an administrative law judge (ALJ), and Appeals Council review." 20 C.F.R. § 404.900(a)(5) ("When [the claimant has] completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision."). Judicial review of an ALJ's determination is available "if the Appeals Council has denied the claimant's request for review" or when the Appeals Council's decision "is the final decision of the Commissioner." 20 C.F.R. § 422.210. Plaintiff's first claim with SSA was filed on December 13, 2016 and it was denied on February 1, 2017. (Doc. 15-4, pg. 2). The SSA has not received a request for reconsideration, a required step before a "final decision" exists. *Id.* Plaintiff filed a second application on February 9, 2017, and the claim was still pending at the time of briefing. *Id.* Therefore, Plaintiff does not have a "final decision" by an SSA ALJ, and this Court cannot review the SSA's determinations.

### 4. Title VII

Title VII of the Civil Rights Act of 1964 prohibits an employer from "discriminat[ing] against any individual with respect to this compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The discrimination banned

by Title VII encompasses actions that create a hostile or abusive work environment. *See Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986). At various places in the Complaint, Plaintiff discusses harassment by employers, which could be construed as an attempt to bring a Title VII suit. A claimant bringing a Title VII suit must follow an administrative process before filing a suit with the Court. 29 C.F.R. § 1614.105. This administrative process is a necessary step; to "establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002). The Equal Employment Offices at both DOC and DOD, Plaintiff's employers, have no record of a Title VII claim from Plaintiff. (Doc. 15-5, pg. 2; Doc. 15-6, pg. 3). Plaintiff has not exhausted her administrative remedies, and therefore, the Court lacks subject matter jurisdiction.

### 5. Criminal Claims

Plaintiff requests that this Court bring criminal charges against the Defendants due to their alleged conspiracy to harm Plaintiff. It is not this Court's role to bring criminal charges.

### C. Plaintiff's Motion for Judgment on the Pleadings and Motion to Amend Complaint are Moot

This Court has determined that it lacks subject matter jurisdiction over all of Plaintiff's claims. Because the case will be dismissed, Plaintiff's remaining Motion for Judgment on the Pleadings and Motion to Amend Complaint[3] are dismissed as moot.

**Conclusion**

Plaintiff's Complaint seeks review and reversal of OWCP's determinations about the worker's compensation that Plaintiff is eligible to receive. FECA bars federal courts from reviewing OWCP determinations, unless a constitutional claim is raised. There is no

---

[3] Granting Plaintiff's Motion to Amend Complaint would not change the result that the Court lacks subject matter jurisdiction. Plaintiff's Second Amended Complaint simply adds the OWCP and its Director as a party. (Doc. 24). Adding this party would not cure the lack of subject matter jurisdiction.

viable constitutional claim in Plaintiff's Complaint. Plaintiff further asserts that the APA grants jurisdiction, but the APA is not an independent source of subject matter jurisdiction. Since FECA precludes jurisdiction, the APA does not provide jurisdiction. Other claims that Plaintiff may be bringing require an exhaustion of administrative remedies, which Plaintiff has not done. The Court grants Defendants' Motion to Dismiss, denies Plaintiff's objections to the Motion to Dismiss, and dismisses Plaintiff's remaining motions as moot.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Sanctions, Motion for Default, and Motion to Strike of Plaintiff (Doc. 16) are **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Amend Complaint (Doc. 23) and Motion for Judgment on the Pleadings (Doc. 16) of Plaintiff are **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

Dated this 29th day of November, 2017.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge